RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0067p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

AMY JERRINE MISCHLER,

    *Plaintiff-Appellant*,

    *v.*

MATT BEVIN, in his official capacity as Governor of Kentucky; ANDY BESHEAR, in his official capacity as Attorney General; STITES & HARBISON, PLLC; HOWARD KEITH HALL; JULIE PAXTON; JOSEPH LAMBERT; TIMOTHY FEELEY; JOHN DAVID PRESTON; JANIE WELLS; LEWIS D. NICHOLLS; SUSAN HOWARD; DEBRA WILCOX-LEMASTER; KATHY LARDER; DEBORAH WEBB; SHEREENA HAMILTON-SPURLOCKE; LATOYA JONES; WILMA TAYLOR; MIKE HARTLAGE; GWEN HATFIELD; JEFFREY PRATHER; CRAIG NEWBORN; MONA WOMACK; DEBBIE DILE; ZACK OUSLEY; EMILY GRAY-JONES; DR. SALLY BRENZEL; SELENA WOODY STEVENS,

    *Defendants-Appellees*.

No. 18-5249

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 3:17-cv-00066—Gregory F. Van Tatenhove, District Judge.

Decided and Filed: April 4, 2018

Before: GUY, DAUGHTREY, and SUTTON, Circuit Judges.

---

**ORDER**

---

PER CURIAM. We must determine whether this appeal is properly before this court.

Amy Jerrine Mischler filed a civil rights action against multiple government officials. She later asked the district court judge to recuse himself from the case under 28 U.S.C. § 144. On March 2, 2018, the district court entered an order denying Mischler's motion for recusal. On March 7, 2018, Mischler appealed the order.

This court lacks jurisdiction over the appeal. The district court has not entered a final appealable order terminating all of the issues presented in the litigation. And an order denying recusal is not immediately appealable under the collateral order doctrine. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–75 (1981).

We pause to note a possible exception—and to explain why it does not apply. We have previously said that a non-final order denying recusal *may* be reviewed in a mandamus proceeding. *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (en banc). But we have not said when that is the case. Today we make clear that, consistent with Supreme Court precedent, the exception applies only when a petitioner alleges that delay will cause irreparable harm. *See Firestone Tire*, 449 U.S. at 378 n.13. Otherwise, a party could always circumvent the final judgment rule by petitioning for a writ of mandamus. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27–31 (1943); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3932.1 (3d ed. 2017).

Where does that leave Mischler? She insists that the judge "should have recused" himself "because his paramour" is an employee of one of the defendants. R. 56 at 2. But she makes no argument "that the harm [she] might suffer if forced to await the final outcome . . . is any greater than the harm suffered by any litigant forced to wait." *Firestone Tire*, 449 U.S. at 378 n.13. We therefore decline to treat the appeal as a petition for a writ of mandamus.

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk